1  Wendy Sugg (223335)
   Sugg Law Group, a Professional Corporation
2  384 Forest Avenue, Suite 15
   Laguna Beach, California  92651
3  Telephone:  (949) 260-9548
   Email:           wendy@sugglaw.com
4

5  Attorneys for Defendant
   TRIDENT MARITIME SYSTEMS, LLC
6

7

8              **UNITED STATES DISTRICT COURT**

9              **SOUTHERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| IRVING WILLIAMS, individually and on behalf of all others similarly situated, | Case No. **'23CV1168 L    DEB** |
| Plaintiffs, | **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTIONS 1332, 1441, 1446, AND 1453 (CLASS ACTION FAIRNESS ACT JURISDICTION)** |
| v. | |
| TRIDENT MARITIME SYSTEMS, LLC; and DOES 1 through 50, inclusive, | PROPOSED CLASS ACTION |
| | On removal from California Superior Court for the County of San Diego |
| Defendants. | Case No. 37-2023-0021186-CU-OE-CTL |

- 1 -
NOTICE OF REMOVAL

**TO THE CLERK OF THE ABOVE-ENTITLED COURT**:

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant Trident Maritime Systems, LLC hereby gives notice of the removal of this action from the Superior Court of the State of California for the County of San Diego to the United States District Court for the Southern District of California. Defendant states the following grounds for removal:

## PROCEDURAL BACKGROUND

1. On or about May 18, 2023, Plaintiff Irving Williams, on behalf of himself and "on behalf of all others similarly situated," filed a Class Action Complaint against Trident Maritime Systems, LLC and Does 1-50 in the Superior Court of the State of California for the County of San Diego (the "Complaint"). A true and correct copy of the Complaint is attached hereto at Exhibit 1. The Complaint alleges nine causes of action: (1) Failure to Pay Minimum Wages [Cal. Labor Code §§ 1194, 1194.2, 1197]; (2) Failure to Pay Overtime [Cal. Labor Code §§ 510, 1194]; (3) Failure to provide required meal periods [Cal. Labor Code §§ 226.7, 512]; (4) Failure to Provide Required Rest Periods [Cal. Labor Code §§ 226.7, 516]; (5) Failure to Pay All Paid Sick Leave [Cal. Labor Code §§ 200, 218, 246]; (6) Wages Not Timely Paid [Cal. Labor Code §§ 204, 210, 218]; (7) Failure to Furnish Accurate Itemized Wage Statements [Cal. Labor Code § 226]; (8) Waiting Time Penalties [Cal. Labor Code § 201]; (9) Failure to Provide Records [Cal. Labor Code §§ 226, 432, 1198.5]; and (9) Unfair Competition [Cal. Bus. & Prof. Code §§ 17200 et. seq].

2. By the Complaint, Plaintiff purports to seek relief on behalf of the following class: All current and former non-exempt employees who worked for Defendants in California at any time from four year (plus the additional 178-day statutory tolling period under Emergency Rule 9) prior to the filing of this action through date of class certification.

## TIMELINESS OF REMOVAL

3. Pursuant to 28 U.S.C. section 1446, a defendant may remove a civil action from state court by filing a notice of removal in the district court of the United States for the district and division where the action is pending within thirty days of receiving the plaintiff's initial pleading. 28 U.S.C. § 1446(a) & (b).

4. Plaintiff served Trident Maritime Systems, LLC with the Summons and Complaint on May 24, 2023. Defendant does not concede that proper service has been made.

5. Pursuant to 28 U.S.C. section 1446(b), the filing of this Notice of Removal is timely. Trident Maritime Systems, LLC has thirty days from service of the Complaint in which to remove, and that period has not expired yet.

## DIVERSITY JURISDICTION—CLASS ACTION FAIRNESS ACT

6. **Basis of Original Jurisdiction.** The Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 (28 U.S.C. § 1332(d)) ("CAFA").

7. **Number of Putative Class Members.** The CAFA requires that the aggregated number of members of all classes proposed in a complaint be at least 100. 28 U.S.C. § 1332(d)(5)(B). Plaintiff alleges that the proposed class "is estimated to exceed 50 individuals, although the precise membership of the entire class is unknown at this time." Compl. at ¶ 16(a).

8. Based on Defendant's employment data, Defendant has determined that Plaintiff's purported Class currently includes 342 individuals.[1] These people all

---

[1] By determining that there are 342 people in Plaintiff's purported Class, Defendant does do not waive its right to argue at the class certification stage or otherwise that the potential class members' identities are not ascertainable or that a class may not be maintained. For purposes of this removal notice, Defendant has not attempted to conduct a fact-specific inquiry to determine which, if any, rights of each potential class member were violated as alleged by Plaintiff. While such an inquiry would be needed to ascertain purported class members at the class certification stage, it is not required for the purpose of establishing purported class

were employed by Trident Maritime Systems, LLC in California during the period May 18, 2019 to June 18, 2023. Declaration of Mark Waters ("Waters Decl.") ¶ 8 (filed concurrently with this Notice of Removal).

9. **Diversity of the Parties.** CAFA requires that "any member of a class of plaintiffs is a citizen of a state different from any defendant." 28 U.S.C. § 1332(d)(2)(A). The diversity requirement of 28 U.S.C. section 1332(d) is met in this action because the citizenship of at least one class member is diverse from the citizenship of at least one defendant. 28 U.S.C. § 1332 (d)(2)(A). Pursuant to 28 U.S.C. section 1332(d)(7), the citizenship of members of the proposed class "shall be determined . . . as of the date of filing of the complaint . . . ." Accordingly, the citizenship of the proposed class members is determined as of May 18, 2023, the date Plaintiff filed the Complaint.

    a. <u>Citizenship of Defendant</u>. Pursuant to 28 U.S.C. section 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."

        1. Trident Maritime Systems, LLC is a Delaware limited liability company and its principal place of business is in Virginia. Waters Decl. ¶ 3. The sole member of Trident Maritime Systems, LLC is Trident Maritime Systems Holdings, LLC, which is a Delaware limited liability company, and its members are citizens of Delaware. Waters Decl. ¶ 4. Accordingly, Trident Maritime Systems, LLC is a citizen of Delaware for diversity purposes.

---

size or the amount in controversy for jurisdictional purposes. *See Helm v. Alderwoods Group, Inc.*, No. C 08-01184, 2008 WL 2002511, at *5 (N.D. Cal. May 8, 2008) (rejecting plaintiffs' argument that defendants must conduct fact-specific inquiry into whether the rights of every potential class member were violated for purposes of establishing jurisdiction).

|   |   |   |
|---|---|---|
| | 2. | Plaintiff also brings this action against Does 1 through 50. Compl. ¶¶ 10-11. The presence of Doe defendants in this case has no bearing on diversity of citizenship for removal. 28 U.S.C. § 1441(a) ("For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded."); *see also Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980). Thus, the existence of Doe defendants 1 through 50 does not deprive this Court of jurisdiction. |
| | b. | <u>Citizenship of Named Plaintiff and Proposed Class Members</u>. |

For diversity purposes, the citizenship of a natural person is determined by his or her state of domicile. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Id.* A person's residence constitutes some evidence of domicile. *Adams v. W. Marine Prod., Inc.*, 958 F.3d 1216, 1221 (9th Cir. 2020). The "party with the burden of proving citizenship may rely on the presumption of continuing domicile, which provides that, once established, a person's state of domicile continues unless rebutted with sufficient evidence of change." *Id.* (quoting *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 886 (9th Cir. 2013)).

|   |   |   |
|---|---|---|
| | 1. | Named Plaintiff Irving Williams alleges he worked for Defendants in California as a non-exempt employee from about November 2020 to March 31, 2023. Compl. ¶ 8. Plaintiff's personnel records indicate that he resided in the state of California. Waters Decl. ¶ 6. |
| | 2. | Because the citizenship of Plaintiff (California) is diverse from the citizenship of Trident Maritime Systems, LLC (Delaware), |

the minimal diversity requirement of 28 U.S.C. § 1332(d) is satisfied.

10. **Amount in Controversy.** While Defendant specifically denies liability as to all of Plaintiff's claims, and specifically deny the appropriateness of the case proceeding as a class action, Defendant has a reasonable, good faith belief that the amount in controversy, as alleged and pled by Plaintiff, exceeds, in the aggregate, Five Million Dollars ($5,000,000). All calculations in support of the amount in controversy analysis are based on the allegations in the Complaint and are not intended as an admission that any of those allegations have merit.

   a. In calculating the amount in controversy under CAFA, the claim of the individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000. 28 U.S.C. § 1332(d)(6). The Court must consider the recovery sought, including penalties, as well as recoverable statutory attorneys' fees. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998).

   b. Under CAFA, a defendant removing a case must file a notice of removal containing a "short and plain statement of the grounds for removal," which "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014). Reasonable estimates of the alleged amount in controversy are appropriate. *See Ibarra v. Manheim Inv.'s, Inc.*, 775 F.3d 1193, 1198 (9th Cir. 2015); *Unutoa v. Interstate Hotels & Resorts, Inc.*, No. 2:14-CV-09809-SVW-PJ, 2015 WL 898512, at *2-3 (C.D. Cal. Mar. 3, 2015) ("Removing defendants will inevitably rely on some assumptions to support removal; a removal defendant is not required to go so far as to prove Plaintiff's case for him by proving the actual rates of violation.").

      c.      Here, Plaintiff's Complaint alleges that Defendant "failed to consistently provide compliant first and second meal periods to Plaintiff and class members…." Compl. ¶ 23. Plaintiff further alleges that Defendant "failed to authorize or permit ten-minute rest periods for every four hours worked or major fraction thereof" as required by the California Labor Code. Compl. ¶ 24. Where, as here, a complaint alleges a "systematically" implemented practice, courts have repeatedly found a defendant's assumption of a 100% violation rate reasonable for purposes of calculating the amount in controversy. *See, e.g.*, *Lopez v. First Student, Inc.*, 427 F. Supp. 3d 1230, 1238 (C.D. Cal. 2019) (holding 100% rate reasonable, finding defendants based their calculation on reasonable assumptions founded in the complaint); *Lopez v. Aerotek, Inc.*, No. SACV 14-00803-CJC, 2015 WL 2342558, at *3 (C.D. Cal. May 14, 2015) (using 100% violation rate); *Duberry v. J. Crew Grp., Inc.*, No. 2:14–cv–08810–SVW–MRW, 2015 WL 4575018, at *6 (C.D. Cal. July 28, 2015) (using a 100% violation rate where plaintiff alleged that defendant "engaged in a uniform policy and systematic scheme of wage abuse"); *Sanchez v. Russell Sigler, Inc.*, No. CV 15–01350–AB (PLAx), 2015 WL 12765359, at *6 (C.D. Cal. Apr. 28, 2015) (same).

      d.      <u>Meal and Rest Period Claims</u>. Plaintiff seeks recovery on behalf of himself and the putative class members for alleged failure to provide meal and rest periods. Compl. ¶¶ 23-25, 41-48. California Labor Code section 512 provides that an employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, nor may an employer employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes. Pursuant to California Labor Code section 226.7, employers must also authorize and permit all employees to take rest periods, which shall be based on the total

hours worked daily at the rate of ten (10) minutes net rest per four (4) hours worked or major fraction thereof[,]" and such rest period time will be counted as hours worked with no deduction from wages. If an employer fails to provide such meal or rest periods, the employer must pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest period is not provided. Cal. Labor Code § 226.7. A maximum of one missed meal period and one missed rest period per day is recoverable. *United Parcel Service v. Superior Court*, 196 Cal. App. 4th 57 (2011).

1. Plaintiff's Complaint alleges that for the four years preceding the filing of the Complaint, Defendant "willfully failed in their affirmative obligation to consistently provide Plaintiff and class members compliant, duty-free meal periods of not less than 30 minutes beginning before the fifth hour of work for each work period of more than five hours per day and a second duty-free meal period of not less than 30 minutes beginning before the tenth hour of work…." Compl. ¶ 42.

2. Plaintiff further alleges Defendant "willfully failed" to provide class members the opportunity to take "compliant, duty-free rest periods of not less than ten (10) minutes for every four hours worked (or major fraction hereof)…." Compl. ¶ 47.

3. Accordingly, Plaintiff alleges he and putative class members are entitled to one (1) hour of premium pay for each day Defendant failed to provide a meal period and one (1) hour of premium pay for each day Defendants failed to provide a rest period, plus interest, penalties, attorneys' fees, and costs. *Id.* ¶¶ 43-44, 48-49.

4. Applying a four-year statute of limitations as alleged by Plaintiff, and assuming each putative class member allegedly missed one

meal period and one rest break on five shifts each workweek, due to these allegedly unlawful and uniform policies affecting all class members, the amount in controversy for the meal period and rest period claims from May 18, 2019 to June 18, 2023 totals **$4,749,163.85**. Waters Decl. ¶¶ 12-14. *See, e.g.*, *Sanchez*, 2015 WL 12765359, at *6 ("Defendant's use of a 100% violation rate was proper because plaintiff's complaint alleged universal deprivation of meal and rest periods."); *Mejia v. DHL Express (USA), Inc.*, 2015 WL 2452755, at *4 (C.D. Cal. May 21, 2015) (applying one hour rest premium per day because plaintiff alleged defendant adopted and maintained uniform policies, practices and procedure the caused the purported violations of California's rest period law").

5. Assuming, therefore, a violation rate for both meal and rest breaks of five instances per workweek, Defendant reaches a total amount in controversy of **$4,749,163.85** for these claims as follows: The average hourly wage for the California non-exempt employees from May 18, 2019 to June 18, 2023, is $22.07. Waters Decl. ¶¶ 8-9, 12-14. During this time frame, Defendant employed 342 non-exempt California who, based on company records, worked an average of 62.92 workweeks. Waters Decl. ¶¶ 8, 9. This results in a total calculation of $2,374,581.92 for missed meal periods and another $2,374,581.92 for missed rest periods, totaling $4,749,163.85 [($22.07 (average hourly wage rate) x 2 hours premium pay (per shift) x 5 shifts x 62.92 workweeks x 342 employees = $4,749,163.85]. Waters Decl. ¶¶ 12-14.

6. Alternatively, applying a four-year statute of limitations as alleged by Plaintiff and assuming each putative class member allegedly missed one meal period and one rest break on three shifts each workweek due to these allegedly unlawful and uniform policies, the amount in controversy for the meal period and rest period claims from May 18, 2019 to June 18, 2023 totals **$2,849,498.30**. Waters Decl. ¶ 15. An assumption of one meal and one rest premium on three shifts per week is very conservative where Plaintiff has alleged a failure to implement a system by which employees could receive meal and rest breaks. *See, e.g.*, *Sanchez*, 2015 WL 12765359, at *6 ("Defendant's use of a 100% violation rate was proper because plaintiff's complaint alleged universal deprivation of meal and rest periods."); *Mejia v. DHL Express (USA), Inc.*, 2015 WL 2452755, at *4 (C.D. Cal. May 21, 2015) (applying one hour rest premium per day because plaintiff alleged defendant adopted and maintained uniform policies, practices and procedure the caused the purported violations of California's rest period law").

7. Assuming, therefore, a violation rate for both meal and rest breaks of three instances per workweek, Defendant reaches a total amount in controversy of **$2,849,498.30** for these claims as follows: The average hourly wage for the California non-exempt employees from May 18, 2019 to June 18, 2023, is $22.07. Waters Decl. ¶¶ 8-9, 15. During this time frame, Defendant employed 342 non-exempt California employees who, based on company records, worked an average of 62.92 workweeks. Waters Decl. ¶¶ 8-9. This results in a total calculation of $1,424,749.15 for missed meal periods and another

$1,424,749.15 for missed rest periods, totaling $2,849,498.30 [($22.07 (average hourly wage rate) x 2 hours premium pay (per shift) x 3 shifts x 62.92 workweeks x 342 employees = $2,849,498.30]. Waters Decl. ¶¶ 8-9, 15.

    e.    <u>Failure to Pay Overtime</u>. By his second cause of action, Plaintiff seeks alleged unpaid overtime wages, claiming that he and the putative class members were required to undergo compensable security screening at the beginning and end of each shift. Compl. ¶¶ 18-20, 37-39. Pursuant to California Labor Code section 510, non-exempt employees are entitled to one-and-a-half times their regular rate of pay for working more than 8 hours in a workday or more than 40 hours.

        1.    Applying a four-year statute of limitations as alleged by Plaintiff, and assuming each putative class member allegedly failed to receive compensation for one hour of overtime per week, an estimate based on Plaintiff's allegations, the amount in controversy for the overtime claim from May 18, 2019 to June 18, 2023 totals **$712,482.17**. Waters Decl. ¶¶ 8-9, 16.

        2.    This amount was calculated as follows: The average number of work weeks for the 342 employees is 62.92. Waters Decl. at ¶¶ 8-9. The average hourly wage for the California non-exempt employees from May 18, 2019 to June 18, 2023, is $22.07. *Id.* Applying a 1.5 multiplier to the average hourly wage results in an overtime wage of $33.11. $33.11 x 342 x 62.92 = $712,482.17. *Id.* at ¶ 16.

    f.    <u>Failure to Provide Timely and Accurate Wage Statements</u>. By his seventh cause of action, Plaintiff seeks penalties pursuant to California Labor Code section 226 for Defendant's alleged failure to provide employees with timely and accurate wage statements. Compl. at ¶¶ 65-68. If an employer fails

to provide an employee with an accurate wage statement the employee may be entitled to a penalty under Cal. Labor Code section 226 of $50 for an initial violation and $100 for each subsequent violation, to a maximum of $4,000 per employee, plus reasonable costs and attorneys' fees.

1. The average number of work weeks for the 342 employees is 62.92. Waters Decl. at ¶¶ 8-9. Based on a bi-weekly payroll cycle, each employee received an average of 31.46 paychecks, which would cause the average employee to recover $3,096 in penalties, assuming Plaintiff's allegations are true. *Id*. at ¶¶ 17.
2. Accordingly, the amount in controversy on this claim for inaccurate wage statements is **$1,058,832** [342 employees x $3,096]. *Id*. ¶ 17.

g. <u>Failure to Timely Pay Wages</u>. Plaintiff's eighth cause of action seeks waiting time penalties pursuant to California Labor Code section 203 for failure to pay all wages due upon termination of employment. Compl. at ¶¶ 70-72. California Labor Code section 203 imposes a waiting time penalty of up to 30 days' pay against an employer who willfully withholds final pay. *See* Cal. Labor Code § 203. The statute of limitations period for such penalties extends back three years from the date of filing of the complaint. *Pineda v. Bank of Am., N.A.*, 50 Cal. 4th 1389, 1399 (2010). Here, the limitations period would begin May 18, 2019.

1. From May 18, 2019 to June 18, 2023, 183 former non-exempt employees in California have separated from employment with Defendant. Waters Decl. ¶ 10. The average hourly rate of pay for these individuals is approximately $21.51 during the relevant period. *Id*.
2. The typical workday of these employees was eight (8) hours per day. *Id*. at ¶ 10.

      3.      Based on Plaintiff's allegations of systematic meal break, rest break, minimum wage, and overtime violations, it is reasonable to assume that each former non-exempt hourly employee suffered at least one violation during his or her employment.

      4.      Accordingly, the amount in controversy on this claim for waiting time penalties is **$944,719.20** [8 hours per day x $21.51 per hour x 30 days x 183 employees]. *Id.* ¶¶ 10-11.

    h.    <u>Attorney's Fees</u>. Plaintiff also seeks attorneys' fees, which are properly included in the court's determination whether the amount in controversy is met. *Lowdermilk v. U.S. Bank Nat'l Assoc.*, 479 F.3d 994, 1000 (9th Cir. 2007); *Fritsch v. Swift Transp. Co. of Az., LLC*, 899 F.3d 785, 794 (9th Cir. 2018). The "mere futurity" of attorneys' fees and costs does not preclude them from being part of the amount in controversy. *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 418 (9th Cir. 2018). In the class action context, the Ninth Circuit has found that 25% of the recovery is a reasonable attorneys' fees award. *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1377 (9th Cir. 1993); *see also Stafford v. Dollar Tree Stores, Inc.*, 2014 WL 1330675 (E.D. Cal. 2014) (25% of the recoverable damages is a common estimate for the attorney's fees award); *Giannini v. Northwestern Mut. Life Ins. Co.*, 2012 WL 1535196 (N.D. Cal. 2012) (noting the Ninth Circuit established 25% of the common fund as a benchmark award for attorney's fees); *Cicero v. DirecTV, Inc.*, No. EDCV 07-1182, 2010 WL 2991486 at *6 (C.D. Cal. July 27, 2010 (finding reasonable attorneys' fees in the amount of 30% of the total settlement amount).

      1.      Based on Plaintiff's allegations, the total aggregate amount in controversy on the meal break, rest break, wage statement, and waiting time penalty claims is **$7,465,197.22**. Waters Decl. ¶ 18.

Using the 25% benchmark, attorneys' fees would be approximately **$1,866,299.31**. Waters Decl. ¶ 19.

2. Using the more conservative estimate of three meal and rest break violations each workweek results in a total aggregate amount in controversy of **$5,565,531.67**. Waters Decl. ¶ 20. Using the 25% benchmark, attorneys' fees would be approximately **$1,391,382.92**. *Id.*

   i. <u>Total Aggregate Amount in Controversy</u>. Although Defendants deny Plaintiff's unfounded allegation that she or the putative class members are entitled to any relief for the above-mentioned claims, based on the foregoing calculations, the total aggregate amount in controversy is approximately **$7,465,197.22**, exclusive of attorneys' fees and several of Plaintiff's less well-defined claims.[2] Waters Decl. at ¶ 18. Accordingly, because diversity of citizenship exists and the amount in controversy exceeds $5,000,000, this Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1332(d)(2), and this action is proper for removal pursuant to 28 U.S.C. § 1441(a).

## **VENUE**

11. The action was filed in Superior Court for the State of California, County of San Diego. Venue therefore currently lies upon removal in the United States District Court for the Southern District of California pursuant to 28 U.S.C. §§ 84(b) and 1441(a).

---

[2] Plaintiff also alleged violations of California minimum wage requirements (Cal. Labor Code § 1994) and California paid sick leave requirements (Cal. Labor Code § 246). While Defendant has not included such analysis in this Notice as the minimum amount in controversy has already been met, inclusion of such alleged unpaid wages and resulting liquidated damages would necessarily increase these totals.

**COMPLIANCE WITH OTHER REMOVAL REQUIREMENTS**

12. Defendant hereby provides this Court with copies of all process, pleadings, and orders known by them to have been filed by the parties in this action (attached hereto as Exhibit 1), as required by 28 U.S.C. § 1446(a).

13. Defendant is not aware of any process, pleadings, or orders besides that which have been attached hereto as Exhibit 1.

14. Pursuant to Federal Rule of Civil Procedure 7.1 and Civil Local Rule 40.2, Defendant concurrently filed with this Notice of Removal a Notice of Party with Financial Interest. Promptly after the filing of this Notice of Removal, Defendant will give written notice of the filing to Plaintiff as required by 28 U.S.C. § 1446(d).

15. A copy of this Notice will also be filed with the clerk of the Superior Court of the State of California for the County of San Diego as required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendant prays that the above action now pending against it in the Superior Court of the State of California for the County of San Diego be removed from this Court. This Notice of Removal is made in accordance with the provisions of Rule 11 of the Federal Rules of Civil Procedure.

Dated: June 23, 2023            Respectfully submitted,

                                SUGG LAW GROUP

                                By:     */s/ Wendy Sugg*
                                        Wendy Sugg
                                        Attorney for Defendant
                                        Trident Maritime Systems, LLC

## PROOF OF SERVICE

I am employed in the City of Richmond, Virginia. I am over the age of 18 and not a party to the within action; my business address is 200 South 10th Street, Suite 1600, Richmond, Virginia 23219.

On June 23, 2023, I served the following document(s) described as:

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTIONS 1332, 1441, 1446, AND 1453 (CLASS ACTION FAIRNESS ACT JURISDICTION)**

X **BY MAIL**: As follows: I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Richmond, VA, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Nicholas J. Ferraro, Esq.  
Lauren N. Vega, Esq.  
Julia Jiang Yu, Esq.  
Ferraro Vega Employment Lawyers, Inc.  
3160 Camino del Rio South, Suite 308  
San Diego, CA 92108  
Telephone: (619) 693-7727  
Facsimile: (619) 350-6855  
Email:  nick@ferrarovega.com  
  lauren@ferrarovega.com  
  julia@ferrarovega.com

*Attorneys for Plaintiff*  
IRVING WILLIAMS

I declare under penalty of perjury under the laws of the United States that the above is true and correct. Executed on June 23, 2023, at Richmond, VA.

Amanda M. Weaver