1  Wendy Sugg, Bar No. 223335
   SUGG LAW GROUP, a Professional Corp.
2  384 Forest Avenue, Suite 15
   Laguna Beach, CA 92651
3  Telephone:   949.260.9548
   Email:       wendy@sugglaw.com
4
   Attorneys for Defendant
5  TRIDENT MARITIME SYSTEMS, LLC

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                     FOR THE COUNTY OF SAN DIEGO

10

11 | IRVING WILLIAMS, individually and on behalf of all others similarly situated, | Case No. 37-2023-00021186-CU-OE-CTL |
   |---|---|
12 | Plaintiffs, | Assigned for All Purposed to: Hon. Timothy Taylor, Dept. C-72 |
13 | v. | |
14 | TRIDENT MARITIME SYSTEMS, LLC; and DOES 1 through 50, inclusive, | **DEFENDANT TRIDENT MARITIME SYSTEMS, LLC'S ANSWER TO THE COMPLAINT** |
15 | | |
16 | Defendants. | |

Defendant TRIDENT MARITIME SYSTEMS, LLC ("Defendant") hereby answers the unverified Complaint ("the Complaint") of IRVING WILLIAMS ("Plaintiff") as follows:

## GENERAL DENIAL

Pursuant to California Code of Civil Procedure section 431.30(d), Defendant answers the Complaint by denying each and every material allegation of the Complaint and each and every purported cause of action contained therein, and by denying that Plaintiff or the alleged class members are entitled to any of the relief sought therein. Defendant further denies that Plaintiff or the alleged class members have been damaged in any way, or that they are entitled to any form of equitable relief.

## FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Cause of Action)**

1. The Complaint fails to state a claim upon which relief can be granted against Defendant. The Complaint also seeks relief against Defendant that is not properly recoverable by Plaintiff and the alleged class members, and they are therefore barred from any recovery against Defendant.

## SECOND AFFIRMATIVE DEFENSE

**(Complaint is Uncertain)**

2. The Complaint is vague, uncertain, ambiguous, and unintelligible with respect to allegations material to each of Plaintiff's asserted causes of action, and therefore is insufficient to apprise Defendant of the issues Defendant is to meet.

## THIRD AFFIRMATIVE DEFENSE

**(Statute of Limitations)**

3. The claims of Plaintiff and the alleged class members are barred by the applicable statutes of limitations including, but not limited to, California Business & Professions Code section 17208 and California Code of Civil Procedure sections 337, 338, 340, and 343.

## FOURTH AFFIRMATIVE DEFENSE

**(Justification and Privilege)**

4. Defendant's actions, statements, or conduct were justified and privileged.

## FIFTH AFFIRMATIVE DEFENSE

**(Waiver)**

5. The claims of Plaintiff and the alleged class members are barred by the doctrine of waiver.

## SIXTH AFFIRMATIVE DEFENSE

**(Consent)**

6. The claims of Plaintiff and the alleged class members are barred by the doctrine of consent.

## SEVENTH AFFIRMATIVE DEFENSE

**(Estoppel)**

7. Plaintiff and the alleged class members, through their conduct, acts and omissions, are estopped from asserting or recovering under any of the causes of action alleged against Defendant in the Complaint because of their conduct. Defendant alleges that Plaintiff and the alleged class members knew or should have known of the damages claimed in the Complaint but failed to take any corrective measures and failed to notify Defendant or any other party of the need for such corrective measures, thereby estopping Plaintiff and the alleged class members from claiming damages as a result of these purported conditions, if any there be.

## EIGHTH AFFIRMATIVE DEFENSE

**(Laches)**

8. The claims of Plaintiff and the alleged class members are barred by the doctrine of laches.

## NINTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

9. To the extent that Plaintiff and the alleged class members have suffered any damages, which Defendant expressly denies, they have failed to take reasonable steps to mitigate those purported damages.

## TENTH AFFIRMATIVE DEFENSE

### (Speculative Damages)

10. Plaintiff and the alleged class members are barred from recovering under the Complaint because their damages, if any, are speculative, vague, based on guesswork and conjecture, and are impossible to ascertain or allocate.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

11. The claims of Plaintiff and the alleged class members are barred by the doctrine of unclean hands.

## TWELFTH AFFIRMATIVE DEFENSE

### (Lack of Proximate Cause)

12. Any loss, injury, damage, or detriment incurred by Plaintiff or the alleged class members proximately resulted from Plaintiff's and the alleged class members' own actions or omissions and not the acts or omissions of Defendant.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Comparative Fault/Apportionment)

13. The damages purportedly suffered by Plaintiff and the alleged class members, if any, proximately resulted from the negligence, carelessness, recklessness, lack of due care, wrongful conduct, and/or fault of parties, persons, and/or entities other than Defendant, and the liability of Defendant, if any, is limited in direct proportion to the percentage of fault actually attributed to it.

### FOURTEENTH AFFIRMATIVE DEFENSE

**(Compliance With Labor Code and Industrial Welfare Commission Orders)**

14.  Plaintiff and the alleged class members are not entitled to the damages they seek because Defendant was and is in compliance with all provisions of the Labor Code and/or Industrial Welfare Commission orders relating to meal and rest break requirements including, but not limited to, California Labor Code sections 201, 202, 203, 226, 226.7, 510, 512, 1194, 1197, and1198.

### FIFTEENTH AFFIRMATIVE DEFENSE

**(Lack of Willfulness)**

15.  Plaintiff and the alleged class members are not entitled to recover any penalties under section 203 of the California Labor Code because Defendant did not act willfully within the meaning of the statute, since a good faith dispute exists as to whether Plaintiff and the alleged class members are entitled to compensation for any meal or rest breaks that were allegedly missed, any overtime, minimum wages, and/or reporting time wages allegedly not paid, or any other compensation allegedly due.

### SIXTEENTH AFFIRMATIVE DEFENSE

**(Failure to Exhaust Administrative Remedies)**

16.  Plaintiff and the alleged class members have failed to exhaust remedies available under statutes, regulations, rules, and procedures relating to the matters alleged in the Complaint, and they are barred by reason of their failure to do so.

### SEVENTEENTH AFFIRMATIVE DEFENSE

**(Improper Joinder)**

17.  Plaintiff improperly attempts to join parties through the Complaint who do not assert rights which arise from the same transaction or occurrence and whose claims do not present common questions of law or fact. Plaintiff further improperly attempts to join parties through this Complaint who are not interested in the action.  Cal. Code Civ. Proc. § 378.

### EIGHTEENTH AFFIRMATIVE DEFENSE

### (Failure to Comply with Directions)

18. The claims of Plaintiff and the alleged class members fail because Plaintiff and the alleged class members were required to substantially comply with Defendant's directions concerning the work in which Plaintiff and the alleged class members were engaged, including Defendant's directions pertaining to meal and rest break compliance, and Plaintiff and the alleged class members failed to substantially comply with Defendant's directions, even though such compliance was possible, lawful, and not unreasonably burdensome, thereby violating section 2856 of the California Labor Code.

### NINETEENTH AFFIRMATIVE DEFENSE

### (No Duty)

19. The claims of Plaintiff and the alleged class members are barred because Defendant did not owe a legal duty to Plaintiff or the alleged class members or, if any legal duty arose, it was not breached by Defendant.

### TWENTIETH AFFIRMATIVE DEFENSE

### (Business Judgment Rule)

20. The alleged claim in the Complaint for violation of California Business & Professions Code sections 17200, et seq., is barred because the alleged actions and/or omissions of Defendant, if any, constituted the reasonable exercise of Defendant's business judgment and therefore cannot constitute unlawful, unfair, or fraudulent business practices.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Legitimate Business Reasons)

21. The claims of Plaintiff and the alleged class members are barred in whole or in part because Defendant had an honest, good faith belief that all decisions, if any, affecting Plaintiff and the alleged class members were made by Defendant solely for legitimate, business-related reasons that were not arbitrary, capricious, or unlawful and were reasonably based upon the facts as Defendant understood them.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

**(Money Damages Not Available)**

22. To the extent Plaintiff and the alleged class members seek to obtain monetary damages, including attorneys' fees, under Plaintiff's Ninth Cause of Action for violation of California Business and Professions Code sections 17200, et seq., such a claim for monetary damages is barred in its entirety by this statute and applicable legal authority.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

**(No Knowledge, Authorization, or Ratification)**

23. Defendant is not liable for Plaintiff's or the alleged class members' alleged damages because if any person or entity engaged in intentional, willful, or unlawful conduct as alleged in the Complaint, such conduct was undertaken without Defendant's knowledge, authorization, or ratification.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

**(Adequate Remedies at Law)**

24. Plaintiff and the alleged class members are barred from asserting the claims for equitable relief alleged in the Complaint because they have adequate remedies at law and/or the equitable relief is neither necessary nor proper.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

**(No Attorneys' Fees)**

25. The Complaint fails to state facts sufficient to entitle Plaintiff and the alleged class members to an award of attorneys' fees under applicable provisions of law including, but not limited to, California Code of Civil Procedure section 1021.5.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

**(No Restitution)**

26. Plaintiff and the alleged class members are not entitled to restitutionary relief as requested in the Complaint because the Defendant does not have any property of Plaintiff or the alleged class members that can be returned.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Federal Enclave Doctrine U.S. Const. art. I, § 8, cl. 17)

27. Plaintiff and the alleged class members lack are precluded from pursuing claims of violations of state law as they performed work on a federal enclave, which preempts application of state law.

**WHEREFORE**, Defendant TRIDENT MARITIME SYSTEMS, LLC prays that this Court:

1. Dismiss Plaintiff's Complaint with prejudice;

2. Enter an award in favor of Defendant on Plaintiff's claims and direct that Plaintiff take nothing by his Complaint against Defendant;

3. Award Defendant their costs of suit incurred herein, including attorneys' fees to the extent permitted by law; and

4. Grant Defendant such other and further relief as may be deemed just and proper.

Dated:  June 22, 2023          SUGG LAW GROUP

By: _____
Wendy Sugg
Attorney for Defendant
TRIDENT MARITIME SYSTEMS, LLC

# PROOF OF SERVICE

**STATE OF CA, COUNTY OF ORANGE**

I am employed in the County of Orange, State of CA. I am over the age of 18 and not a party to the within action; my business address is 384 Forest Avenue, Suite 15, Laguna Beach, CA 92651.

On June 22, 2023, I served the following document(s) described as:

**DEFENDANT TRIDENT MARITIME SYSTEMS, LLC'S ANSWER TO THE COMPLAINT**

X **BY MAIL**: As follows: I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Laguna Beach, CA, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Nicholas J. Ferraro, Esq.　　　　　　　　　　　　　　　*Attorneys for Plaintiff*
Lauren N. Vega, Esq.　　　　　　　　　　　　　　　　　IRVING WILLIAMS
Julia Jiang Yu, Esq.
Ferraro Vega Employment Lawyers, Inc.
3160 Camino del Rio South, Suite 308
San Diego, CA 92108
Telephone:　(619) 693-7727
Facsimile:　(619) 350-6855
Email:　　　nick@ferrarovega.com
　　　　　　lauren@ferrarovega.com
　　　　　　julia@ferrarovega.com

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on June 22, 2023, at Irvine, CA.

　　　　　　　　　　　　　　　　　　　　　　　　　　*/s/ Ami Marston*
　　　　　　　　　　　　　　　　　　　　　　　　　　Ami Marston